**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

COREY L. FREEMAN,         :
                             :
       Plaintiff,             :               Civil Action No. 15-5579 (SRC)
                             :
       v.                      :               **OPINION**
                             :
COMMISSIONER OF SOCIAL     :
SECURITY,                    :
                             :
       Defendant.          :

---

**CHESLER, District Judge**

       This matter comes before the Court on the appeal by Plaintiff Corey L. Freeman ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

       In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 24, 2011. A hearing was held before ALJ Marcus Christ (the "ALJ") on December 17, 2013, and the ALJ issued an unfavorable decision on February 13, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

       In the decision of February 13, 2014, the ALJ made the following findings. The ALJ

found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed on several grounds: 1) at step two, the ALJ erred by finding certain impairments not severe; 2) at step four, the ALJ overlooked key evidence of certain limitations; 3) in making the residual functional capacity determination at step four, the ALJ failed to give the proper weight to plaintiff's subjective complaints, the treating physician testimony, and other medical evidence; and 4) at step five, the ALJ failed to offer the expert a valid hypothetical and also misinterpreted the vocational expert's testimony.

Plaintiff first contends that the ALJ erred at step two by finding certain impairments not severe.  Since the ALJ proceeded with all five steps of the analysis despite the step two determination, any error can only be harmless.  The ALJ did not deny benefits at step two, and the step two decision had no impact on the ultimate finding of no disability.  See Perez v. Comm'r of Soc. Sec., 521 Fed. Appx. 51, 55 n.4 (3d Cir. 2013) (affirming this Court's decision that the ALJ's use of the incorrect standard at step two could only be harmless error).

Plaintiff next argues that, at step four, the ALJ erred in making the residual functional

capacity determination by overlooking key evidence of certain limitations contained in the reports of Sharon J. Skoll, Ph.D. (Tr. 81, 86, 86, 101.) Plaintiff is correct that the ALJ did not discuss the Skoll evidence in any detail. The ALJ did, however, explain his basis for giving little weight to Dr. Skoll's assessment: "there are no treating records supporting such finding[s]." (Tr. 19.) The ALJ explained that he gave great weight to the assessment of consultative examiner Dr. Link, "who performed the most recent psychological exam upon the claimant." (Tr. 18). Dr. Link's evaluation constitutes substantial evidence of Plaintiff's psychological abilities, and the ALJ's explanation for why he gave it greatest weight – it is the most recent assessment by an expert who directly evaluated Plaintiff – makes sense. In this context, the ALJ did not need to discuss the findings of Dr. Skoll in detail.

Plaintiff argues vaguely that the ALJ improperly found Plaintiff not entirely credible, and asserts that "Plaintiff's statements about the intensity persistence and functionally limiting effects of the symptoms can be substantiated by the medical evidence." (Pl.'s Br. 15.) This is followed by a long paragraph summarizing many medical findings over several years. Plaintiff does not articulate which of Plaintiff's symptom statements are supported by which medical findings.

Plaintiff next cites the legal principle which requires that greater weight should be given to the opinion of a treating physician. (Pl.'s Br. 16.) This is a correct statement of the law, but Plaintiff's brief fails to apply it to this case. Which finding by which treating physician was not given the correct weight? The ALJ stated that he gave significant weight to the opinion of Plaintiff's primary care physician, Dr. Eskander. (Tr. 18.)

Plaintiff argues that the residual functional capacity determination is "merely conclusory

and not based on the medical evidence." (Pl.'s Br. 17.) The ALJ's opinion does not support this. The opinion contains a detailed explanation of the residual functional capacity determination which is four single-spaced pages long. The ALJ cites numerous specific pieces of medical evidence. The Court will not recount here every piece of evidence cited by the ALJ, but will note that the ALJ stated that he placed greatest weight on the opinion of Plaintiff's primary care physician, Dr. Eskander. (Tr. 18.) Given the extensive evidence cited by the ALJ in support of the residual functional capacity determination, this Court cannot find any support for Plaintiff's contention that the residual functional capacity determination was merely conclusory and not based on the medical evidence. To the contrary, this Court finds that the residual functional capacity determination is supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ erred at step four by failing to consider Plaintiff's "maximum remaining ability to do sustained activities in an ordinary work setting on a regular and continuing basis." (Pl.'s Br. 18.) Plaintiff does not explain what this means, nor how the relevant evidence of record supports a different residual functional capacity determination. The Third Circuit "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Moreover, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). At step four, the Commissioner does not bear the burden of proof that Plaintiff can work; to the contrary, pursuant to Bowen, at step four, Plaintiff bears the burden of proof that he does not retain the residual functional capacity to work.

4

Plaintiff argues that, at step five, the ALJ gave the vocational expert a hypothetical that did not include all of Plaintiff's limitations.  Third Circuit law on this point is clear:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant.  Instead the directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . .  Fairly understood, such references to all impairments encompass only those that are medically established. . .  And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. Plaintiff argues that the hypothetical did not include limitations to fine finger manipulation bilaterally and use of a cane.   In opposition, the Commissioner points out that such limitations were not accepted as credibly established during the residual functional capacity determination. In this appeal, Plaintiff did not argue at step four that Plaintiff's residual functional capacity was limited in terms of fine finger manipulation or use of a cane.  As such, and since this Court has determined that the residual functional capacity determination is supported by substantial evidence, it was not error at step five to omit these alleged, but not established, limitations from the hypothetical.

Plaintiff's brief includes a subheading which asserts that, at step five, the ALJ misinterpreted the vocational expert's responses to the hypothetical, but the brief does not contain any discussion of this argument, and so the Court cannot evaluate it.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence.  Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that he was harmed by any errors.  This Court finds that the Commissioner's

decision is supported by substantial evidence and is affirmed.

                                                       s/ Stanley R. Chesler          
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: December 20, 2016